UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ICE.COM, a Delaware corporation; and
SHMUEL GNIWISCH, an individual,

No. C07 - 1 - 86)LR

Plaintiffs,

COMPLAINT

v.

AXIS SURPLUS INSURANCE
COMPANY, an Illinois corporation,



Defendant.

07-CV-01486-CMP

Plaintiffs Ice.com, Inc. ("Ice.com") and Shmuel Gniwisch ("Mr. Gniwisch"), by and

through their attorneys, assert their complaint against defendant Axis Surplus Insurance

Company ("Axis") as follows:

## I. PARTIES

1.      Plaintiff Ice.com is an online jewelry retailer. Ice.com is a Delaware Corporation

with its principal place of business in Montreal, Quebec.

2.      Plaintiff Shmuel Gniwisch is the Chief Executive Officer of Ice.com. Mr.

Gniwisch is a natural person and Montreal resident.

COMPLAINT – Page 1

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

3.      Defendant Axis is an Illinois insurance corporation with its principal place of business in Alpharetta, Georgia.

## II.  JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a)(2) because the plaintiffs are domiciliaries of Quebec and the defendant is a domiciliary of Illinois and Georgia, and because the amount in controversy exceeds $75,000.

5.      This Court has personal jurisdiction over Axis because it conducts business in Washington and because the insurance policy between Ice.com and Axis provides that, in the event that Axis denies coverage under the policy, Axis "shall submit to the jurisdiction of any court having competent jurisdiction" within the United States.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(c).

## III.  STATEMENT OF FACTS

7.      Plaintiff Ice.com is an online jewelry retailer.  As part of its business, Ice.com maintains websites that display images of jewelry.  Ice.com's websites use the domain names www.Ice.com and www.Diamond.com.

8.      On February 15, 2007, Axis issued a "CyberLiability Plus" insurance policy ("the Policy") to Ice.com.  The Policy is effective for claims made during the period between December 4, 2006 and December 4, 2007.  The policy requires Axis to pay damages and expenses resulting from copyright claims asserted against Ice.com and/or its directors and officers based on the "Cyberspace Activities" of Ice.com.  "CyberSpace Activities" include activities related to Ice.com's operation of its websites, including the "dissemination of content" through the Diamond.com website.

COMPLAINT – Page 2

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

9.    On April 9, 2007, Blue Nile, Inc., a competitor of Ice.com, filed suit against Ice.com and Mr. Gniwisch. The suit is designated cause number C07-0521 in the U.S. District Court for the Western District of Washington ("the Blue Nile Litigation"). Blue Nile's Complaint alleges that Ice.com and Mr. Gniwisch infringed a purported Blue Nile copyright by displaying a certain image of a diamond on the Diamond.com website. Blue Nile contends that the diamond image is copyrighted by Blue Nile. Blue Nile contends that the alleged infringement was willful. Ice.com and Mr. Gniwisch deny the allegations and specifically deny having engaged in any willful misconduct.

10.    On August 24, 2007, Ice.com and Mr. Gniwisch notified Axis, through Axis' designated claims processing agent, of the Blue Nile Litigation. Ice.com requested that Axis defend and indemnify Ice.com and Mr. Gniwisch in accordance with the policy. Ice.com, through its counsel, notified Axis' agent by letter that Ice.com was engaged in serious settlement negotiations with Blue Nile. Counsel for Ice.com and Mr. Gniwisch proposed a settlement amount that it believed could expeditiously and reasonably resolve the Blue Nile Litigation and requested that Axis consider the amount and respond quickly so that the opportunity for settlement could be seized before legal expenses started to escalate as the parties prepared to embark on discovery.

11.    On August 28, Axis' claims processing agent contacted Ice.com and Mr. Gniwisch and, in a joint conversation later that day with Ice.com, Mr. Gniwisch, and their counsel, directed counsel to (1) prepare a liability analysis for the processor's review; (2) propound and respond to discovery requests; (3) obtain a demand letter from Blue Nile outlining

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2600
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

the specific settlement terms sought by Blue Nile; and (4) submit estimates of the legal fees and costs through trial for Blue Nile and Ice.com and Mr. Gniwisch.

12.    Counsel for Ice.com followed the instructions of Axis' agent, preparing and submitting a liability analysis to Axis, preparing discovery requests, requesting, and obtaining a demand letter from Blue Nile, and transmitting the same to Axis' agent, and providing Axis' agent with the requested estimates of the legal fees and costs.

13.    In two conversations on or about September 10 and September 12, 2007, counsel to Ice.com and Mr. Gniwisch spoke with Axis' agent and inquired whether Axis could provide a response to Blue Nile's demand letter before September 14. Axis' agent indicated that, because of the large settlement amount being considered, a response would not be forthcoming before September 14. At no time during these conversations, nor the one on August 28, did Axis' agent state that (a) the timing of Ice.com's notification could preclude coverage, or (b) that coverage might not be available under the Policy.

14.    On September 14, 2007, Axis' agent notified Ice.com that Axis was refusing to defend or indemnify Ice.com or Mr. Gniwisch for the claims asserted by Blue Nile. Axis' agent told Ice.com that Axis was denying coverage on two bases.

15.    The first basis provided by Axis' agent for denying coverage was that Ice.com failed to give prompt notice to Axis of the claim. In fact, the notice provided to the agent was "prompt" within the meaning of the policy in light of all the facts and circumstances. Furthermore, even if Ice.com's notice to Axis was not "prompt," Axis suffered no prejudice as a result of any delay, and therefore is not entitled to deny coverage on this basis. Finally, Axis waived its ability to claim that Ice.com's notice was not prompt by failing to assert this position

COMPLAINT – Page 4

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800   F 206.516.3888

1    at the time Ice.com notified Axis of the claim and by making requests of counsel for Ice.com

2    inconsistent with the assertion of this defense.

3          16.    The second basis provided by Axis' agent for denying coverage was that Blue

4    Nile alleges that Ice.com and Mr. Gniwisch willfully infringed Blue Nile's purported copyright.

5    The Policy contains an exclusion for claims based on "an act, error or omissions that a jury, court

6    or arbiter determines by final adjudication to be dishonest, criminal, malicious or intentionally

7    committed while knowing it was wrongful." This provision does not relieve Axis of its

8    obligation to defend or indemnify Ice.com or Mr. Gniwisch because no jury, court or arbiter has

9    found in the Blue Nile Litigation that either Ice.com or Mr. Gniwisch acted intentionally with

10   knowledge that its conduct was wrongful, and because Ice.com and Mr. Gniwisch deny having

11   done so. Furthermore, Axis failed to undertake any investigation, much less a reasonable

12   investigation, into whether it was probable or not probable that a court, jury or arbiter would

13   ultimately find that Ice.com or Mr. Gniwisch acted intentionally with knowledge that its conduct

14   was wrongful.

15         17.    Ice.com and Mr. Gniwisch have incurred, and continue to incur, attorney fees as a

16   result of the Blue Nile Litigation. Under the Policy, these fees should rightly have been paid by

17   Axis.

18         18.    Ice.com and Mr. Gniwisch had the opportunity to pursue settling the case within

19   the limits of the Policy. Axis' refusal to indemnify Ice.com and Mr. Gniwisch has exposed them

20   to the risk of a judgment against them.

COMPLAINT – Page 5

YARMUTH WILSDON CALFO PLLC

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.519.3600    F 206.516.3688

## FIRST CAUSE OF ACTION
### (Breach of Contract)

19.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

20.    The Policy is a binding contract that confers enforceable obligations and benefits on Ice.com and Mr. Gniwisch.

21.    Axis has breached the contract by failing to defend Ice.com and Mr. Gniwisch against the claims asserted in the Blue Nile Litigation.

22.    Axis has breached and/or repudiated the contract by denying coverage under the Policy to Ice.com and Mr. Gniwisch.

23.    As with all Washington contracts, the Policy carries with it an implied covenant of good faith and fair dealing.

24.    Axis breached the covenant of good faith and fair dealing by refusing to defend or indemnify Ice.com and Mr. Gniwisch for the claims asserted against them by Blue Nile.

25.    Ice.com and Mr. Gniwisch have suffered damages as a consequence of the foregoing breaches.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment)

26.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

27.    There is substantial controversy between the Ice.com and Mr. Gniwisch on one hand, and Axis on the other, as to whether Axis is required to defend and indemnify Ice.com and Mr. Gniwisch for the claims asserted against them in this litigation.

COMPLAINT – Page 6

28.    Ice.com and Mr. Gniwisch request a declaratory judgment pursuant to RCW 7.24.10 that Axis is required under the Policy to defend and indemnify them against the claims asserted in the Blue Nile Litigation.

### THIRD CAUSE OF ACTION
### (Bad Faith Insurance Handling

29.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

30.    As an insurer, Axis was under a duty to give consideration to the interests of Ice.com and Mr. Gniwisch equal to the consideration Axis gave to its own interests. As part of this duty, Axis owed Ice.com and Mr. Gniwisch a duty to undertake a reasonable investigation to determine whether coverage was available under the Policy.

31.    Axis breached its duty of good faith by denying coverage on bases that were unreasonable, frivolous, and unfounded. Specifically, Axis' claim that coverage was precluded by failure to give notice was frivolous because Axis suffered no prejudice as a result of the delay in notice to Axis. Under well-established applicable law, an insurer may deny coverage based on failure to give notice only if the insurer sustained prejudice as a consequence of the delay. Furthermore, the purported notice defense was apparent to Axis at the time that Ice.com requested coverage under the policy. Axis' agent made no mention at that time of the failure to give notice, and made requests of counsel to Ice.com and Mr. Gniwisch inconsistent with the assertion of the notice defense. Counsel to Ice.com and Mr. Gniwisch responded to those requests and, in so doing, provided confidential information to Axis and materially changed its position with respect to settlement and the Blue Nile Litigation.

COMPLAINT – Page 7

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

32.    Axis' refusal to defend or indemnify counsel to Ice.com and Mr. Gniwisch because Blue Nile alleges Ice.com and Mr. Gniwisch acted willfully was frivolous, unreasonable and unfounded.  The Policy clearly states that this exclusion takes effect only _after_ a judge, jury or arbiter finds that the insured acted intentionally with knowledge that the actions were wrongful.  No judge, jury or arbiter has ever made any such finding.  Moreover, Axis was fully aware that counsel to Ice.com and Mr. Gniwisch denied any willful wrongdoing.  Axis made no independent investigation into whether any intentional misconduct took place.

33.    As a consequence of Axis' bad faith, Ice.com and Mr. Gniwisch have suffered damages in an amount to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that the Court enter judgment against defendant as follows:

    a.  For monetary damages, including prejudgment interest, in an amount to be proven at trial;

    b.  For a declaratory judgment that Axis is required to defend and indemnify Ice.com and Mr. Gniwisch for the claims asserted in the Blue Nile Litigation;

    c.  For all of the costs of this proceeding, including reasonable attorneys' fees and experts' fees, against the defendant; and

///

///

///

///

///

COMPLAINT – Page 8

YARMUTH WILSDON CALFO PLLC
FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104
T 206.516.3800  F 206.516.3888

1    d.  For such further and other relief as may be deemed appropriate.

2    DATED this 24th day of September, 2007.

3

4                                     YARMUTH WILSDON CALFO PLLC

5
                                      By: _C. S_____
6                                         Angelo J. Calfo, WSBA #27079
                                          Sima F. Sarrafan, WSBA #21143
7                                         C. Seth Wilkinson, WSBA #31607

8                                     Attorneys for Plaintiffs Ice.com and Shmuel
9                                     Gniwisch

10

11

12

13

14

15   (454.02) hi245104 9/24/07

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT – Page 9